Pkioe, C. J.
These cases were heard and submitted together, and what we may say will apply to both.
The plaintiffs in error ask a reversal of the judgment of the lower court, wherein they were assessed as stockhold *257 ers in the Angosta Milling Company — an insolvent corporation, and the suit in which the assessments were made, was brought by creditors of the corporation, in which its stock-holders and many creditors were made defendants. The creditors by answers and cross-petitions set up their respective claims, and some of these claims were contested on proper pleadings for that purpose.
Two of the defendants sued as stockholders — -Mrs, Fisher and Mr. Ackerman — answered that they were not in fact or in law, stockholders, because, while stock appeared in their names by transfer from other stockholders, the transfer was brought about by fraudulent representations and deceit, for which they had rescinded the contract for the stock, and they asked to be relieved of liability, and that the same be placed on the parties from whom the stock' had been thus obtained, who were its real owners. There were other questions made, which are usually incident to such proceedings.
The court or referee overruled demurrers to the cross-petitions of Mrs. Fisher and Ackerman, and this ruling is assigned for error.
During a term of the lower court, Rolla C. Perry was appointed referee in the case to hear and determine all the issues of fact and law in the case, and report the findings of fact and conclusions of law separately.
After partly hearing the case,Mr. Perry died, and W. Z. Davis was appointed his successor in the reference, and he took up the work under the scope of the order of reference formerly made, and after completing the trial and his investigations, he filed his report on the 19th day of May, 19, 1898.
On the 27th day of May, the court of common pleas ren. dered judgment against the stockholders, including plaintiffs in error, whom the referee had held to be liable, and for the amounts for which he had assessed them.
*258 The plaintiffs in error have filed with their petitions in error, a voluminous bill of exceptions, purporting to contain the evidence heard by the referee, and many errors are assigned as having been committed by the referee during the trial; and it is further alleged that his findings are not supported by the evidence, and are contrary to law.
All the errors complained of, except the rulings on the demurrers, can appear only by a proper bill of exceptions bringing them into the record, and we are required to first pass on the motion of defendants in error to strike the bill of exceptions from the files, because it was not allowed and signed by the referee.
We find that the bill of exceptions was not allowed and signed by the referee, but was allowed and signed by Allen ¡Smalley, judge of the court of common pleas, , and within the statutory time for that purpose.
Another point made by defendants in error, in the same •connection, is, that we cannot review the findings of the referee on the weight of the evidence, because there was no motion for new trial filed with him at any time; and we find that no motion for new trial was filed with the referee and of course, he was not called upon to pass on such a motion.
It appears in the record, that the report of the referee was filed on the 19tb day of May, as before stated, and that ■on the 21st of May, the plaintiffs in error filed in the court ■of common pleas their motions for new trial, and that they were overruled by the court.
• Has the law been complied with in regard to the allowance and signing of the bill of exceptions? And was the ■court of common pleas the proper tribual to hear and decide the motions for new trial? These are important questions of practice about which there is some controversy and confusion in our circuit, and perhaps elsewhere, and they involve a construction of those sections of the statutes which define the powers' and duties of a referee.
*259 It is provided by section 6210, Revised Statutes, that—
“All or any of the issues in the action or proceeding, whether of fact, or law, or both, may be referred by the court, or a judge thereof in vacation, upon the written consent of the parties, or upon their oral consent in court entered upon the journal.”
Section 5211, provides in substance:
“That where the parties do not consent, the court or a judge thereof in vacation, may upon the application of a party, or of its or his motion, direct a reference in any case in which the parties are not entitled to a trial by jury.”
Section 5213, gives the method of procedure before the referee.
“The trial by referees shall be conducted in the same manner as a trial by the court; referees may summon and enforce the attendance of witnesses, administer all necessary oaths in the trial of the case, and grant adjournments, the same as the court; they must state the facts found, and the conclusions of law separately, and their decision must be given, and may be excepted to and reviewed,in like manner; their report on the whole issue shall stand as the decision of the court, and judgment may be entered thereon in the same manner as if the action had been tried by the court; when the reference is to report the facts, the report shall have the effect of a special verdict; and when the court directs it to be done,the referee shall reduce the testimony of the witnesses to writing and require them severally to subscribe the same.”
By virtue of this section, when all the issues of fact and law in a case are sent to a referee, as in this case, for the purposes of the trial, he stands in place of the court, . and while it is in progress, may exercise all the powers of a court, and they continue until he has fully and finally disposed' of the case aud made his report, at which time they cease. He may allow pleadings to be amended — new parties to be made — rule on the admissibility of testimony' — ■ enforce order and the attendance of witnesses, and when the case is submitted, he makes the findings of fact and law.
*260 If a party ia dissatisfied with the findings and desires a new trial, he should file his motion for new trial with the referee and have his decision upon it, and except to the decision if adverse to him, which is the foundation necessary to be laid for a review of a case on the facts in the circuit court. It is just as necessary that such motion be filed wit.h and passed upon by the referee, as it is necessary that one be filed in the court of common pleas in order to review a finding of the court or a verdict of the jury on the facts in that court; and we think it is not sufficient to wait until the report of the referee is filed and then file the motion for new trial in the court where he was appointed, as was done in the case at bar. Section 5213 makes it the duty of the referee to “state the facts found and the conclusions of la.w separately,and their (referees’) decision must be given, and may be excepted to and reviewed in like manner’’ — 'that is, in like manner as the findings and decisions of the court may be excepted to and reviewed — “and their report on the whole issue shall stand as the decision of the court. * * *_)>
If it is thought that the referee is in error as to his finding of facts, he should first be given an opportunity to cor-ect the error on a motion for new trial filed for that purpose, and the reasoning of Judge Ranney as to the fairness of the rule, as found in Ide v. Churchill, 14 Ohio St., 377-8—should apply to a referee as well as to the court.
Why file a motion for new trial as to the weight of the evidence, in the court of common pleas? That court did not hear the evidence or see the witnesses, and would lack some of the best means to test and judge of the credibility of witnesses. Moreover, unless the court directed the referee to reduce the testimony of the witnesses to writing and have the same signed, he is not required to do so, and he reports only his findings of fact and conclusions of law. How then could the court pass on a motionjjfor new trial because *261 the findings of the referee are not supported by the evidence? If the answer is, that the unsuccessful party could have all the evidence embodied in a bill of exceptions and thus brought to the attention of the court, we observe that the referee, and not the court, would know whether or not all the evidence was in the bill, and he should, for reasons just as strong entertain and pass upon the motion for new trial. Not until the motion for new trial has been disposed of, is it known that a bill of exceptions is needed. Then the provision made by section 5216, Revised Statutes, applies:
“The referees shall sign any true exceptions taken to an order or decision by them made in the case, and return the same with their report to the court'iwhich made the reference.’’
In our judgment, the referee has not performed his whole duty, until he has so far disposed of all questions that could properly arise in the case, that it is ready for final judgment when his report is filed. If he is competent to try the cause, he is competent to hear and decide a motion for new trial and sign a bill of exceptions. The law does not contemplate that after all the issues of fact and law are referred, that the referee hear and determines part and the court another part of the case. This view is recognized in at least three cases decided by our supreme court.
In the case of Lawson v. Bissell, 7 Ohio St., 129, the court says:
“Instead of submitting a case to a jury or court, the code provides for a third mode of deciding issues of fact and law, and this is by referees. The referees are substituted for the court and jury, and their province is to decide'the facts of the case, if the facts only are submitted, or both the facts and the law of the case, if both are referred. The trial before referees is conducted in the same manner as a trial by the court on submission, * * * All such exceptions as could be made in the progress of a trial before the court, *262 may be taken by either party in the trial before referees, and it is only in case an exception is taken, that so much of the testimony as may be necessary to give point and effect to the exception, must be embodied in the bill of exceptions. When the reference is to report facts only, the report has the effect of a special verdict; if the reference is of the facts and law, the facts and the conclusions of law are stated separately, and the report stands as the decision of the court, and judgment may be entered thereon as if the action had been tried by the court. The decision of the referee, however, may be reviewed by the court.
i:These provisions of the code show clearly, that while the trial by referees is subject to review and revision of the court ordering the reference, it is a substitute for a trial in court. The finding of the facts is, in effect, the special verdict of a jury. The conslusions of law of the referees stand as the law decision of the court; and if not set aside, a judgment follows of course. * *
In the case of Averill Coal & Oil Co. v. Verner, 22 Ohio St., 372, the supreme court, again had occasion to speak on this subject, and the point is stated by Judge Mcllvaine,on page 380. The referee appointed by the lower court had filed his report, and counsel for the defendant asked the court to re-commit the report, so as to enable defendant to except to the findings of fact,and tender a bill of exceptions to the referee for his allowance. The court,on page 380,in part says:
“The ground upon which this motion was urged was that the defendant had no knowledge of the findings in the report until after it was filed, and had no opportunity of taking exceptions. On the hearing of the motion, testimony was heard, and a bill of exceptions taken setting it out. From the testimony it appears that defendant’s counsel stated professionally, that he did not see the report until after it was filed, and had no opportunity before the filing to move the referee for a new trial, or to set out the whole of the testimony in a bill of exceptions. The referee, however, testified that in the morning of the day the report was filed, be informed defendant’s counsel that the report was *263 ready to be filed. That counsel expressed a wish that he would retain the report three or four days, until certain parties could be consulted, but was told by the referee that if plaintiff desired it, the report would be filed at once.
“An opportunity should certainly be afforded to the parties by the referee, before filing his report, to examine it, and to tender, if desired, a bill of exceptions for his allowance, so that such facts as might be necessary to protect them against the consequences of errors, committed on the trial, may be placed on the record. But we cannot say that the court erred in finding from the testimony, that such opportunity had been afforded in this case. * * ”
If our position is not sound, a much shorter answer could have been made by the supreme court in the above case, by simply stating, it was not error to refuse to re-commit the report to the referee, so a motion for new trial could be filed and bill of exception allowed by him, because, he had no authority to hear a motion for new trial and sign a bill of exceptions.
Again, in Cincinnati v. Cameron, 33 Ohio St., 336, we find the following rule stated in the third syllabus:
“In a trial before a referee, the referee acts as a court, and exceptions to his action should be taken in the same manner as if the trial were proceeding in court. * *
We now cite two cases decided by the superior court of Cincinnati at general term, which have not been reversed or modified, and while they are not binding authority on us, they are at least very persuasive when we consider the names of the eminent judges who decided them.
In the Wesleyan Cemetery v. Woodruff, 2 Disney, 216, (3 W. Law Gaz. 251,) that court holds:
“Referees, under the code, possess judicial functions, and with the exception of the power to render judgment and issue execution, they possess all the authority of the court which appoints them. * * ' *”
■ The superior court was then composed of Judges Gholson, Spencer and Storer.
F. E. Guthrie, for Plaintiff in Error.
Schofield, Durfee & Schofield-, Grissinger & Fisher, for Defendant in Error.
The other case is Williams v. Stevens, 1. C. R. of Cincinnati, 176, wherein the court at general term, approving Wesleyan Cemetery v. Woodruff, supra, on page 178, says.
“As to the effect of the findings of referees, we cannot doubt the correctness of the opinion of this court in the case of the Wesleyan Cemetery v. Woodruff, 2 Disney, 216, announced by Judge Storer, ‘that referees, when appointed under the code, possess judicial functions; that the authority conferred is to hear and determine the cause; that with the exception of the power to render judgment and issue execution, it would seem the referees possessed all the authority of the court who appointed .them to hear and decide upon the matters submitted.’ And the supreme court in Lawson v. Bissell, 7 Ohio St. Reports, 132, hold to the same construction of the functions of a referee under the code.’’
The court then proceeds to distinguish between the reports of referees and masters, both as to procedure and the-effect of such reports.
The latter case was decided by Juges Storer, Taft and Hagans.
We therefore conclude, that where a party desires to review the findings of a referee on the weight of the evidence, it is necessary to file a motion for new trial with such referee and that an exception be noted to the overruling of the same, and that any bill of exceptions taken must be tendered to and signed by the referee.
This rule was not followed in this case, and we sustain the motion to strike the bill of exceptions from the files. The only questions remaining in the record for our consideration, are the rulings on the demurrers to the answers and cross-petitions of Mrs, Fisher and Mr. Ackerman, and perhaps one other. We are content with the decision of the lower court upon them, and affirm its judgment.
Judgment affirmed.